UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BHUPINDER SINGH,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, *et al.*,<br><br>Respondents. | Case No.  1:26-cv-04897  (VC)<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Re: Dkt. No. 1 |

Petitioner filed a Petition for Writ of Habeas Corpus seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"). Dkt. No. 1. The petition raises claims that are functionally identical to those this Court, and many others within this district, have already addressed in prior orders. Fleeing India, Petitioner entered the United States on October 27, 2023, and was taken into custody by the Department of Homeland Security ("DHS"). *Id*. 1 ¶ 22. Petitioner was subsequently released from custody, and placed in removal proceedings. *Id*. ¶ 23. After his release, Petitioner began living in California, timely applied for asylum, and claims to have completed all conditions of his release. *Id*. On July 15, 2026, Petitioner was arrested at a scheduled immigration check-in. *Id*. ¶ 24.

Many prior orders within this district are dispositive on the issues raised in the Petition. *See, e.g.*, *Alauddin v. Chestnut*, No. 1:26-CV-03541 (AMO), 2026 WL 1346863 (E.D. Cal. May 14, 2026); *Ozturk v. Lyons*, No. 1:26-CV-03484 (VC), 2026 WL 1354540 (E.D. Cal. May 14, 2026); *Zheng v. Warden*, No. 1:26-CV-03533 (EJD), 2026 WL 1354477 (E.D. Cal. May 14, 2026). For the reasons stated in those cases, Petitioner is entitled to relief. Respondents did not provide Petitioner with notice and an opportunity to be heard, as required by the Fifth Amendment Due Process Clause, prior to revoking his release. Petitioner has a clear liberty interest in his continued release. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and for the reasons

identified in the courts' prior orders, the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

On July 28, 2026, the Court issued an order to show cause directing Respondents to identify any factual issues which distinguish this case from the courts' prior orders. *See* Dkt. No. 3. Respondents did not file a response.

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (Dkt. 1) is GRANTED, for the reasons stated in those prior orders. Respondents are ORDERED to immediately release Bhupinder Singh from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: August 12, 2026

VINCE CHHABRIA
United States District Judge